UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SCOTT,

        Plaintiff,                      Civil Case No. 13-13287
                                                      Honorable Linda V. Parker

v.

STATE FARM FIRE & CASUALTY
COMPANY, KEVIN SAULTER, and KURT DOLL,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

      This matter is presently before the Court on Defendant State Farm Fire & Casualty Company's Motion for Summary Judgment, filed pursuant to Federal Rule of Civil Procedure 56 on January 31, 2014.  (ECF No. 15.)  Plaintiff filed a response to the motion on February 24, 2014.  (ECF No. 20.)  State Farm Fire & Casualty Company ("State Farm") filed a reply brief on March 10, 2014.  (ECF No. 21.)  The matter initially was assigned to the Honorable Mark A. Goldsmith, but was reassigned to the undersigned pursuant to Administrative Order 14-AO-030 on May 28, 2014.  The Court held a motion hearing on June 25, 2014.  For the reasons that follow, the Court now denies the motion.

I.     **Factual and Procedural Background**

On July 31, 2011, Plaintiff Kelly Scott ("Scott") was riding a tube towed by a boat which was owned and operated by Defendant Kevin Saulter ("Saulter"). (ECF No. 2 ¶ 9.) The tube collided with a boat hoist owned by Defendant Kurt Doll ("Doll") on Tan Lake in Oxford Township, Michigan. (*Id.*) Scott sustained serious personal injuries as a result of the collision. (*Id.*) She sued Saulter in state court alleging negligence and other claims arising from the accident ("underlying lawsuit").

At the time of the accident, Saulter was covered by at least two insurance policies issued by State Farm: State Farm Insurance Homeowners Policy No. 22-B-J-J-802-6 ("Homeowners Policy") and State Farm Insurance Boatowners Policy No. 22-B-H-J-647-2 ("Boatowners Policy"). (ECF No. 1 ¶ 1.) Presumably Saulter requested that State Farm defend and indemnify him in the underlying lawsuit because, according to the instant Complaint, State Farm declined to do so. (*Id.* ¶ 10.) Scott has indicated to this Court that the underlying action was dismissed without prejudice, by stipulation of the parties, so she could pursue the present action to determine State Farm's obligations in connection with the accident. (ECF No. 16 at Pg ID 208.)

In fact on July 3, 2013, Scott filed the present declaratory judgment action

against Defendants in the Circuit Court for Oakland County, Michigan.  In her Complaint, Scott claims that the Homeowners Policy and/or Boatowners Policy provides coverage for Saulter's negligence in operating the boat and causing Scott's injuries.  (ECF No. 2 ¶¶ 11, 12.)  She asks the Court to declare that the policies provide coverage with respect to the boating/tubing accident and that under one or both policies, State Farm owes a duty to defend and indemnify Saulter with respect to any claims brought in the underlying action.  (*Id*. at Pg ID 21.)  On July 13, 2013, State Farm removed Scott's Complaint to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, asserting that Saulter and Doll (who are citizens of the same state as Scott) have been fraudulently joined.

On January 31, 2014, State Farm filed the pending summary judgment motion in which it argues that Michigan law bars Scott's action against it.  Specifically, State Farm contends that Michigan Compiled Laws Section 500.3030 bars this "direct action" by an injured third-party against the insurer of the alleged tortfeasor.

## II.    Summary Judgment Standard

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R.

3

Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

### III. The Parties' Arguments

State Farm argues that it is entitled to summary judgment, contending that section 500.3030 bars an injured party from suing the insured of the alleged tortfeasor. In its motion, State Farm cites several cases where the Michigan courts "applied this statute in barring direct actions such as the present action." (ECF No. 15 at Pg ID 119, citing *Bray v. Unified Prop. Grp., LLC*, No. 12-12618, 2012 WL 5363792 (E.D. Mich. Oct. 30, 2012) (unpublished op.); *In re LaMarre*, 494 F.2d 753 (6th Cir. 1974); *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743 (Mich. 1993); and *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217 (7th Cir. 1996)).

In response, Scott argues that section 500.3030 is not applicable to this declaratory judgment action because it is not an "original action[.]" Scott counters

that the underlying lawsuit in which she sought to establish the liability of State Farm's insured (i.e. Saulter) is the "original action." In reply, however, State Farm argues that *Hayes*, *supra*, and *Security Insurance Co. v. Daniels*, 245 N.W.2d 418 (Mich. Ct. App. 1976), "make clear that the protection of [the statute] applies to both tort actions and declaratory judgment actions." (ECF No. 21 at Pg ID 282.)

## IV. Analysis

This Court agrees with Scott that section 500.3030 does not bar the present declaratory judgment action which addresses coverage, only. The statute reads:

> In the *original action* brought by the injured person . . . the insurer shall not be made or joined as a party defendant, nor, except as otherwise provided by law, shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial.

Mich. Comp. Laws § 500.3030 (footnote omitted and emphasis added). Michigan's Insurance Code does not define the term "original action" and this Court could not find a single federal or state court case providing a definition. The term, however, is plainly used by the courts to refer to the lawsuit filed by an injured party to determine the liability of the alleged tortfeasor, not an ancillary lawsuit to decide coverage issues involving the alleged tortfeasor's insurer. This makes logical sense, as the intent of the legislature in enacting section 500.3030 was to avoid prejudice caused by the jury's awareness that the defendant/alleged

tortfeasor is insured. *See Lieberthal v. Glens Falls Indem. Co. of Glens Falls, N.Y.*, 24 N.W.2d 547, 549 (Mich. 1946) ("The public policy sought to be sustained in this State by the statute and judicial decisions is that a plaintiff shall not be permitted to inject into his suit the element of insurance and thereby obtain an excessive and unjust verdict."); *see also id*. at 552 (Butzel, C.J., dissenting) ("The reason for the rule is set forth in *Holman v. Cole*, 242 Mich. 402, 218 N.W. 795, 796 (1928), as follows: 'It is a fact of which we cannot but take judicial notice that, in cases where jurors obtain information that the damages as fixed by them will be paid by insurance companies, the amount thereof is usually greatly enhanced.' ").

Further supporting the Court's interpretation is its finding that an "original action" is equivalent to the "direct action" referenced in the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Section 1332(c)(1) provides in part that "in any direct action against the insurer of a policy or a contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1). The Sixth Circuit has found that this provision "evidently was enacted to prevent a plaintiff from end-running the diversity of citizenship requirement (where the tortfeasor hails from plaintiff's state, but the tortfeasor's insurer does not) by suing the tortfeasor's insurer instead of the tortfeasor." *Estate*

of *Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir. 2003); *see also Peterson v. TIG Specialty Ins. Co.*, 211 F. Supp. 2d 1013, 1015 (S.D. Ohio 2002) ("[T]his direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly."). Federal courts in Michigan have defined the term "direct action" in § 1332(c)(1) to mean cases "where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, *on the issue of liability*." *Estate of Monahan*, 75 F. App'x at 343 (emphasis added); *see also Peterson*, 211 F. Supp. 2d at 1015 (citing cases in which "[c]ourts have consistently interpreted "direct action" to include only tort actions brought by third parties against the insurer– as a substitute for the insured tortfeasor"); *Reed v. Indiana Ins. Co.*, No. 10-13247, 2010 WL 6778868, at *3 (E.D. Mich. Dec. 23, 2010) (Majzoub, M.J.), *report and recommendation adopted in* 2011 WL 2292206 (E.D. Mich. Feb. 16, 2012) (Roberts, J.) (concluding that the plaintiff's complaint against the tortfeasor's insurer for declaratory relief as to coverage was not a direct action under § 1332(c)(1)). The cases cited by State Farm do not suggest otherwise and, in some instances, support the Court's interpretation.

In *Bray*, the plaintiff sued the owner and property manager of an apartment complex where she lived, as well as the owner's insurer, for injuries her infant

daughter sustained when carbon monoxide leaked from a defective stove. 2012 WL 5363792, at *1. In the action, the plaintiff sought to establish the owner's and property manager's liability for her daughter's injuries. *Id*. at *2. She, however, also brought spoliation claims against the defendants because the stove had been destroyed after the accident and while her attorneys were negotiating a settlement with the owner's insurer. *Id*. The district court held that the plaintiff could not pursue her spoliation claims against the insurer because such claims can be brought only against an opposite party against whom the plaintiff otherwise has a valid claim. *Id*. at *3-4. The court concluded that the plaintiff never had an independent claim against the insurer for the carbon monoxide exposure, as it was only the insurer for one of the tortfeasors. *Id*. at *4. Unremarkably, the court simply referred to the prohibition of direct actions set forth in section 500.3030 to indicate that the plaintiff could not have brought an independent claim against the insurer for the alleged negligence. *Id*.

The same rule was stated as dicta by the Sixth Circuit in *In re LaMarre* when addressing whether the district judge had the authority to hold the claims manager of a defendant's insurer in contempt for failing to appear at a court conference. 494 F.2d 753. The conference had been set in a lawsuit brought by Audrey Frazier and other plaintiffs against Travelodge International

("Travelodge") and other defendants. *Id*. at 754-55. Travelodge's insurer, The Insurance Company of North America ("INA"), had retained counsel to defend the action on behalf of its insured and acknowledged its contractual duty to pay any damages assessed in the action. *Id*. at 756. Prior to trial, counsel for both the plaintiffs and the defendants informed the court that they had agreed on a settlement figure; however, INA's claims manager informed the court by telephone that he would not accept the recommendation of his counsel. *Id*. at 755. In response, the district judge ordered the claims manager to appear before the court. *Id*. When the claims manager failed to show, the district judge held him in contempt of court. *Id*.

The issue presented to the Sixth Circuit was whether the district judge had the authority to compel the claims manager's appearance, when he was not a party to the lawsuit. *Id*. at 756. The appellate court concluded that the judge held such power. *Id*. The court reasoned that while section 500.3030 "prohibits the naming of any insurance company as a party defendant, the reality of the matter is that INA had retained counsel, was prepared to defend the suit, and was in complete control of the settlement negotiations. Further it is undisputed that Charles LaMarre was the resident agent of INA in charge of the case." *Id*. This decision, like *Bray*, only highlights the rule that an insurer cannot be named in an action seeking to establish

liability for the plaintiff's injuries. That is not the type of action now presented, however.

The Michigan Supreme Court's decision in *Allstate Insurance Company v. Hayes*, 499 N.W.2d 743, also does not further State Farm's argument. The issue before the Court in *Hayes* was simply whether, in a declaratory judgment action brought by an insurer against the insured and the injured party concerning coverage, a default judgment against the insured deprives the trial court of its power to declare the rights and liabilities of the remaining parties. *Id*. at 57. The Court expressly stated that it was "not reach[ing] the issue whether an injured party has a 'vested' interest from the time of the injury, which would permit the institution by the injured party of an action for declaratory relief." *Id*. at 746. The Court suggested that the injured party in fact could seek a declaration of coverage outside the underlying action, as the Court stated:

> While the Court of Appeals correctly concluded that Keillor [the injured party] was not a third-party beneficiary [to the insurance contract between the insurer and alleged tortfeasor], it erred in concluding that third-party-beneficiary status was necessary to allow Keillor to "continue to pursue the action" for a declaration of coverage. The nature of the procedural remedy is to declare interests not yet vested. Thus, the fact that the injured party is not a third-party beneficiary of the insurance contract is not determinative of his "standing" to continue the action for a declaration of his rights as a conceded real party in interest.

*Id.*

In support of its motion, State Farm refers in its reply brief to the *Hayes* Court's citation to section 500.3030 when stating that the injured party could not have joined the insurance company in the underlying tort action and that "'[i]ndeed, as a matter of policy, the federal courts will decline the request for a declaration of rights by the injured party when state law prevents an injured party from filing a direct action against the insurer.'" (ECF No. 21 at Pg ID 281, quoting *Hayes*, 499 N.W.2d at 749 n.13.) State Farm omits that this statement is included only in a footnote and that it is dicta, as the Court clearly indicated that the case before it was not a direct action. *See Hayes*, 499 N.W.2d at 745 & n.4. As indicated in the preceding paragraph, the *Hayes* Court expressly declined to reach the issue of whether an injured party may initiate a declaratory judgment action concerning coverage against the tortfeasor's insured, separate from an action addressing liability. *Id.* at 746. Finally, when read in its entirety, the *Hayes* Court's statement in footnote 13 of its decision does not speak to the ability of an injured party to pursue a declaratory judgment action against a tortfeasor's insurer concerning coverage. Rather the Court was addressing only the timing of such an action and the impact of the timing on a court's decision whether to exercise its

discretion to grant declaratory relief.[1]

The footnote reads in full:

> The parties have not cited authority that addresses how much interest a party must have in order to ask for a declaration of rights; however, *Security Ins. Co. v. Daniels*, 70 Mich. App. 100, 245 N.W.2d 418 (1976), is instructive. *Daniels* recognized that an injured person's interest in the resolution of the policy coverage question stems from the availability of a postjudgment garnishment action against the insurer in which the coverage question would be litigated. While the insurer "could have accepted the protection of MCL 500.3030 . . . [which prohibits joiner of the insurance company in the underlying tort action], and postponed litigation of the coverage issue," *id*. at 105, 245 N.W.2d 418 the insurer itself had raised the coverage issue in its action for declaratory judgment, and had named the injured party as a defendant in that action.Indeed, as a matter of policy, the federal courts will decline the request for a declaration of rights by the injured party when state law prevents an injured party from filing a direct action against the insurer. *See, e.g., Hunt v. State Farm Mut. Automobile Ins. Co.*, 655 F. Supp. 284 (D. Nev.1987); *MacMillan-Bloedel, Inc. v. Firemen's Ins. Co.*, 558 F. Supp. 596 (S.D. Ala. 1983); *Hoosier Casualty Co. v. Fox*, 102 F. Supp. 214 (N.D. Iowa 1952).

> But the policy underlying this principle has no relevance where the injured party is made co-defendant with the insured in an action instituted by the insurance company. Since the insurance company has initiated the action, the indemnity nature of its relationship with the insured cannot be hidden from the trier of the facts, and it has itself

---

[1] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act."); *Forest Hills Co-op. v. City of Ann Arbor*, – N.W.2d –, 2014 WL 2619586 (Mich. Ct. App. 2014) (quoting *Hayes*, 442 Mich. at 74) ("Assuming the existence of a case or controversy within the subject matter of the court, the determination to make such a declaration is ordinarily a matter entrusted to the sound discretion of the court.").

> seen fit to reveal the relationship. [6A Moore, Federal Practice (2d ed.) ¶ 57.19, p. 57-205.]

*Hayes*, 499 N.W.2d at 749 n.13 (brackets in original, emphasis removed). This Court has reviewed the three cases cited in the above quote. Those cases also signal that the issue being discussed in footnote 13 of the *Hayes* Court's decision was not whether an injured party may bring a declaratory judgment action against the tortfeasor's insured for coverage, but whether a court should exercise its discretion to make such a declaration and the timing of such an action.[2]

In fact, as made clear to the Court at the motion hearing, State Farm is

---

[2] In *Hunt*, the District Court for the District of Nevada declined to exercise its discretion in a declaratory judgment action brought by the wife of an injured party against the alleged tortfeasor's insurer regarding coverage for her loss of consortium claim because she had not filed such a claim against the tortfeasor and the tortfeasor's insurer had never taken the position that it would not indemnify the plaintiff if she prevailed. 655 F. Supp. at 285, 287. Thus the court declined to adjudicate the plaintiff's request for declaratory relief because it was not evident to the district court that an actual controversy existed. *Id.* at 286. In *MacMillan-Bloedel, Inc.*, the District Court for the Southern District of Alabama declined to entertain the injured party's declaratory judgment action concerning coverage where the insurer was defending the alleged tortfeasor in the underlying action and Alabama law expressly provided that a court should exercise its authority to grant or deny coverage by the insurer only after the injured party recovered a judgment against the insured. 558 F. Supp. at 597-98. In that case as in *Hunt*, there did not appear to be an actual, existing controversy to justify the court's exercise of jurisdiction. In fact, the court specifically referred to the Fifth Circuit's admonishment that district courts should avoid "sitting in judgment of questions which may never in fact come to pass." Finally in *Fox*, the District Court for the Northern District of Iowa concluded that the injured parties could not bring a cross-claim against the torfeasor and a counterclaim against his insurer in the insurer's declaratory judgment action concerning coverage, finding that such direct actions are prohibited and that state law also made the recovery of a judgment against the tortfeasor a condition precedent to an action against the insurer. 102 F. Supp. at 223.

13

relying on this footnote in *Hayes* and its citation to *Daniels*, *supra*, to raise an entirely new argument in its reply brief than the one asserted in its initial motion (i.e. that Scott's action is barred under Michigan Compiled Laws Section 500.3030). At oral argument, State Farm's counsel referred several times to Scott's "lack of standing" to bring this declaratory judgment action. This is an argument arising under constitutional principles, however, not section 500.3030. It is well established that a reply brief is not the proper place to raise new arguments. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 313 F.3d 546, 553 (6th Cir. 2008) (citing cases).

## V.     Conclusion

In short, for the reasons stated, the Court concludes that the plain language of section 500.3030 only bars an injured party from naming the alleged tortfeasor's insurer as a defendant in the underlying action. The statute does not bar the injured party from naming the insurer in a separate lawsuit seeking declaratory relief with respect to coverage. This is the only issue properly presented to the Court in State Farm's motion.

Accordingly,

**IT IS ORDERED**, that Defendant State Farm Fire & Casualty Company's

Motion for Summary Judgment [ECF No. 15] is **DENIED**.

S/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 7, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 7, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury<br>Case Manager