UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SCOTT,

                Plaintiff,                          Civil Case No. 13-13287
                                                              Honorable Linda V. Parker

v.

STATE FARM FIRE & CASUALTY
COMPANY, KEVIN SAULTER, and
KURT DOLL,

                Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

This declaratory judgment action arises from a boating accident, where

Plaintiff Kelly Scott ("Scott") was injured.  At the time, Scott was riding a tube

towed by a boat owned and operated by Defendant Kevin Saulter  ("Saulter").  The

accident occurred when the tube collided with a boat hoist operated by Defendant

Kurt Doll ("Doll").  Scott alleges that Defendant State Farm Fire & Casualty

Company ("State Farm") issued insurance policies to Saulter, one or both of which

provide coverage for the subject accident.  Seeking a declaration as to State Farm's

duty to provide coverage and indemnify Saulter, Scott filed a complaint in the

Circuit Court for Oakland County, Michigan on July 3, 2013.  Ten days later, State

Farm removed the action to federal court on the basis of diversity jurisdiction, 28

U.S.C. § 1332, asserting that Saulter and Doll (who are citizens of the same state as Scott) have been fraudulently joined.[1]  (ECF No. 1.)  The matter initially was assigned to the Honorable Mark A. Goldsmith.  On January 31, 2014, Scott filed a motion to remand the matter to state court pursuant to 28 U.S.C. § 1447(c).  (ECF No. 16.)  The motion has been fully briefed.  On May 28, 2014, Judge Goldsmith reassigned the matter to the undersigned pursuant to Administrative Order 14-AO-030.  The Court held a hearing with respect to the motion on June 25, 2014, and for the reasons that follow, now denies Scott's motion.

## I.      Background

On July 31, 2011, Scott was riding a tube towed by a boat operated by Saulter.  (ECF No. 2 ¶ 9.)  The tube collided with a boat hoist owned by Doll on Tan Lake in Oxford Township, Michigan.  (*Id*.)  Scott sustained serious personal injuries as a result of the collision.  (*Id*.)  She sued Saulter in state court alleging negligence and other claims arising from the accident ("underlying lawsuit").

At the time of the accident, Saulter was covered by at least two insurance policies issued by State Farm: State Farm Insurance Homeowners Policy No. 22-B-J-J-802-6 ("Homeowners Policy") and State Farm Insurance Boatowners Policy

---

[1]Scott, Saulter, and Doll are citizens of Michigan.  (*See* ECF No. 2 ¶¶ 2, 4, 5.) State Farm is a citizen of Illinois.  (*See* ECF No. 1 ¶ 5.)

No. 22-B-H-J-647-2 ("Boatowners Policy").  (ECF No. 1 ¶ 1.)  Presumably Saulter requested that State Farm defend and indemnify him in the underlying lawsuit because, according to the Complaint before this Court, State Farm declined to do so. (*Id*. ¶ 10.)  Scott indicates that the underlying action was dismissed without prejudice, by stipulation of the parties, so she could pursue the present action to determine State Farm's obligations in connection with the accident.  (ECF No. 16 at Pg ID 208.)

In her Complaint, Scott claims that the Homeowners Policy and/or Boatowners Policy provide coverage for Saulter's negligence in operating the boat and causing Scott's injuries.  (ECF No. 2 ¶¶ 11, 12.)  She asks the Court to declare that the policies provide coverage for Saulter with respect to the boating/tubing accident and that under one or both policies, State Farm owes a duty to defend and indemnify Saulter with respect to any claims asserted in the underlying action.  (*Id*. at Pg ID 21.)

Scott filed the pending motion to remand the matter to state court on January 31, 2014.  Scott argues that diversity of citizenship is lacking because Saulter and Doll are not fraudulently joined.  State Farm filed a response to the motion on February 14, 2014.  (ECF No. 18.)  Plaintiff filed a reply brief on February 24, 2014.  (ECF No. 19.)

3

In the meantime, State Farm filed a motion for summary judgment in which it argues that this is a direct action barred under Michigan law. (ECF No. 15.) State Farm's motion has been fully briefed. Before addressing State Farm's arguments, however, this Court must satisfy itself that it has subject matter jurisdiction over the matter. *See Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983) (Advising that "the proper practice is to resolve all questions regarding subject matter jurisdiction prior to ruling upon the merits of the claim" because the federal courts are "not a general repository of judicial power").

## II.    **Applicable Standard**

Removal of an action based on diversity jurisdiction is proper only where complete diversity exists at the time of removal, that is, when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). However, a plaintiff's fraudulent joinder of a non-diverse defendant will not defeat removal on diversity grounds. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The party removing an action to federal court bears the burden of establishing diversity jurisdiction. *Certain Interested Underwriters at Lloyd's London England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). Thus the removing party must demonstrate that a non-diverse defendant was fraudulently

4

joined. *Alexander*, 13 F.3d at 949.

The burden of demonstrating fraudulent joinder has been described as " 'a heavy one.' " *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (unpublished op.) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). The removing party must demonstrate that the plaintiff lacks a "colorable cause of action" under state law against the non-diverse defendant. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). As alternatively described, " 'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

Courts employ an analysis when making this determination that is similar to the one used when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6): the court "must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party.'" *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949). Nevertheless, the standard for determining whether a non-diverse party has been fraudulently joined is not the same standard for addressing either dismissal for failure to state a claim or for summary judgment. *See In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006).

The removing party has a higher burden to demonstrate fraudulent joinder than a party has to succeed on a motion to dismiss under Rule 12(b)(6). *See Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir.1992) and *Hartley v. CSX Transp., Inc.*, 187 F.3d 422 (4th Cir.1999)). As one district judge in the Sixth Circuit has explained: "[T]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6)" because the decision to deny a "motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendants, has no basis in law or reason." *Little*, 227 F. Supp. 2d at 846-47; *see also Batoff*, 977 F.2d at 852 (holding that a party is not fraudulently joined if the claims against the party are not "wholly insubstantial and frivolous").

## III.   Parties' Arguments

In her motion to remand, Scott argues that she has a colorable cause of action against Saulter and Doll because "[b]oth . . . are interested and necessary parties . . . , since a ruling either granting or denying coverage will greatly affect their rights and interests on the underlying tort claims." (ECF No. 16 at Pg ID 210.)  Scott argues that under Michigan law, all interested parties must be joined in a declaratory judgment action.  (*Id*. at Pg ID 210-11, citing *Lansing Sch. Educ.*

6

*Ass'n v. Lansing Bd. of Educ.*, 810 N.W.2d 95 (Mich. Ct. App. 2010)).

Alternatively, Scott contends that under 28 U.S.C. § 1332(c), State Farm is deemed

to be a citizen of its insured (Saulter) and therefore diversity jurisdiction is lacking.

State Farm argues in response that Scott has no colorable cause of action

against Saulter or Doll because she does not seek any relief against either

individual in this action.  (ECF No. 18 at Pg ID 226.)  State Farm further argues

that Scott has cited no authority for her argument "that the mere presence of . . .

individuals . . . on an alleged 'interested and necessary party' basis satisfies the

'colorable cause of action' requirement."  (*Id.*)  State Farm contends that § 1332(c)

is not applicable where the insured is named as a party defendant, as is the case

here.  (*Id.* at Pg ID 227.)

## IV.   Analysis

Taking Scott's second argument first, the Court agrees with State Farm that

it lacks merit.  The diversity jurisdiction statute provides, in relevant part:

> [I]n any direct action against the insurer of a policy or contract of
> liability insurance . . . *to which action the insured is not joined as a
> party-defendant*, such insurer shall be deemed a citizen of–
> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been
> incorporated; and
> (C) the State or foreign state where the insurer has its principal place
> of business[.]

28 U.S.C. § 1332(c)(1) (emphasis added).  The statute is not applicable here for two reasons.

The first reason is that Saulter, the insured, *is* joined as a party-defendant. Thus this matter is distinguishable from the case cited by Scott: *Lulgjuraj v. State Farm Mutual Automobile Insurance Company*, No. 13-11656, 2013 WL 2075446 (E.D. Mich. May 15, 2013) (unpublished op.) (deeming the insurer a Michigan citizen where the insured– a resident of Michigan– was not named as a party defendant and concluding that diversity jurisdiction therefore was lacking in a lawsuit brought by an injured Michigan resident).  Second, the statute applies expressly to a "direct action", only.  The Sixth Circuit Court of Appeals has defined the term "direct action"  as one "where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, *on the issue of liability*."  *Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir. 2003) (emphasis added) (citing *Peterson v. TIG Specialty Ins. Co.*, 211 F. 2d 1013, 1015 (S.D. Ohio 2002)).

With respect to Scott's first argument in support of her motion to remand, State Farm is correct that Scott neither seeks relief against Saulter or Doll nor states a "colorable claim" against either individual in his Complaint.  Nevertheless, this standard for evaluating whether a defendant is fraudulently joined has not been

employed in the context of a declaratory judgment action; instead, it has been

applied in cases where the plaintiff has sought some affirmative relief against the

defendant in connection with a cause of action.  *See, e.g., Casias v. Wal-Mart*

*Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (addressing in fraudulent joinder

analysis whether the non-diverse defendant, a corporate agent, could be liable

under Michigan law for the plaintiff's wrongful discharge claim); *Alexander*, 13

F.3d at 940 (asking whether the non-diverse defendants, officials of the defendant

employer, could be liable under Michigan's civil rights act for the plaintiff's

allegedly discriminatory termination); *Coyne*, 183 F.3d at 493 (inquiring as to

whether the non-diverse defendants, wholesalers and retailers, are excluded from

the plaintiff's products liability action under Ohio law). This Court does not

believe that the "colorable claim" standard is the only standard available for

analyzing whether a non-diverse defendant has been fraudulently joined.

From the Supreme Court's earliest pronouncements of the fraudulent joinder

doctrine, it has made clear that the doctrine enables courts to "disregard nominal or

formal parties and rest jurisdiction only upon the citizenship of " '*real and*

*substantial parties to the controversy*.' "  *See Navarro Sav. Ass'n v. Lee*, 446 U.S.

458, 460 (1980) (emphasis added) (quoting *McNutt v. Bland*, 2 How. 9, 15, 11 L.

Ed. 159 (1844)).  Thus the Court has advised that "a federal court must disregard

9

nominal or formal parties and rest jurisdiction only upon the citizenship of *real parties* to the controversy." *Id.* at 461 (emphasis added).  Federal courts therefore have found that a non-diverse defendant was not fraudulently joined, even though no colorable claim was asserted against it and no relief was sought from that party, where it was a necessary party to the action under state law because its interests would be substantially effected by a judgment.  *See, Superior Beverage Grp., Ltd. v. The Wine Grp., Inc.*, No. 4:10CV1971, 2010 WL 3664906, at *3 (N.D. Ohio Sept. 16, 2010) (finding no fraudulent joinder of non-diverse defendant in action to block dissolution of the plaintiff's franchise with diverse defendant, where the plaintiff sought an injunction to enjoin the diverse defendant from awarding the plaintiff's franchise rights to the non-diverse defendant, concluding that the non-diverse defendant was a necessary party pursuant to Ohio's declaratory judgment statute); *Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, No. 08-CV-1773, 2009 WL 385541, at **2, 5 (E.D.N.Y. Feb. 11, 2009) (holding that the plaintiffs failed to demonstrate fraudulent joinder where they challenged the diverse defendant's incentive programs under which payments were made to a non-diverse defendant and the plaintiffs sought an injunction barring the diverse defendant from making the payments to the non-diverse defendant, concluding that under New York law, the non-diverse defendant was a necessary party to the action as its

10

interests would be effected by the injunction); *see also Burns v. Friedli*, 241 F. Supp. 2d 519, 523 (D. Md. 2003) (rejecting fraudulent joinder argument and remanding case because "[i]t . . . is plain from the face of the complaint that [the non-diverse defendant] has interests that may be directly and substantially affected by the outcome of the suit" even where no claim is stated against it, and "it appears that the remedies requested, particularly . . . injunctive relief, may not be accorded in [the non-diverse defendant]'s absence."). Under Michigan law, Saulter must be joined as a necessary party to Plaintiff's declaratory judgment action.[2]

Michigan Court Rule 2.605 grants courts the power to "declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." As recognized by the Michigan Court of Appeals in the decision cited by Scott: The "[Michigan] Supreme Court has long recognized the *necessity* of having all interested parties before it in order to have a case that is appropriate for declaratory judgment." *Lansing Sch. Educ. Ass'n*, 810 N.W.2d at 101-102 (emphasis added) (citing *Central High Sch. Athletic Ass'n v. Grand Rapids*, 264 N.W. 322, 325 (Mich. 1936); *Skiera v. Nat'l Indem. Co.*, 418 N.W.2d 424, 426 (Mich. Ct. App. 1987)).

---

[2]The federal courts look to state law in deciding whether a non-diverse defendant is a proper party or whether it was fraudulently joined. *See, e.g., Jerome-Duncan, Inc.*, 176 F.3d at 907, *Alexander*, 13 F.3d at 949.

In *Central High School Athletic Association*, the Michigan Supreme Court advised that in a declaratory judgment action brought under Michigan law, "[a]ll interested parties should be before the court."  810 N.W.2d at 325; *see also Washington-Detroit Theater Co. v. Moore*, 299 N.W. 618, 619 (Mich. 1930).  Undoubtedly, Saulter has an interest in the subject matter of this litigation: whether State Farm has a duty to defend and indemnify him in an action brought against him by Scott. The Court cannot reach the same conclusion with respect to Doll though, who has no interest in the insurance policies at issue.  In short, the Court finds that Doll, but not Saulter, was fraudulently joined in this action.

Despite reaching this conclusion, the Court does not conclude that diversity jurisdiction is lacking.  This is because a court has a "duty . . . to look beyond the pleadings, and arrange the parties according to their sides in the dispute."  *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  As the Sixth Circuit more recently stated:

> [I]t is well established that . . . "the courts, not the parties, are responsible for aligning the parties according to their interests in the litigation. If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes."

*United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th

Cir. 1992) (emphasis removed) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987)).  Plaintiff's interests align with those of Saulter's in this declaratory judgment action concerning coverage. Therefore, for jurisdictional purposes, Saulter and Scott (both Michigan citizens) are aligned against State Farm (an Illinois citizen).

## V.    Conclusion

For the reasons set forth above, the Court concludes that Scott lacks a colorable claim against Doll and that he was fraudulently joined in this lawsuit. Saulter, however, is a proper party based on his interest in the subject insurance policies.  Nevertheless, the Court concludes that Saulter's interests are properly aligned with Scott's interests and thus complete diversity exists.

Sixth Circuit case law instructs that before adjudicating Scott's Complaint, Doll must be removed as a party.  *See Yuille v. Am. Home Mortg. Servs., Inc.*, 483 F. App'x 132, 134 n. 1 (6th Cir. 2012) (unpublished op.) (finding that the court exceeded its jurisdiction by adjudicating the defendants' motions for summary judgment where a non-diverse defendant was never dismissed from the lawsuit after the court concluded that the plaintiff lacked standing to sue that defendant); *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404 (6th Cir. 2007) (unpublished op.) (vacating the district court's summary judgment decision where the court did

13

not sua sponte assess the removing party's claim that a non-diverse defendant was fraudulently joined prior to adjudicating the matter).  In *Yuille*, the Sixth Circuit instructed that the district court should have dropped the non-diverse defendant as a party pursuant to Federal Rule of Civil Procedure 21 after finding that the plaintiff could not state a claim against that defendant.[3]  483 F. App'x at 134 n.1

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [ECF No. 16] is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant Kurt Doll is dropped as a party to this lawsuit pursuant to Federal Rule of Civil Procedure 21 and he is **DISMISSED AS A PARTY** to this lawsuit.

S/ Linda V. Parker_____
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 7, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 7, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury_____
Case Manager

---

[3]Rule 21 provides in part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

14